```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CRAIG BRYANT                                    CIVIL ACTION

VERSUS                                          NUMBER: 06-0088

STATE OF LOUISIANA                              SECTION: "K"(5)
```

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Craig Bryant, and the State's response thereto.  (Rec. docs. 1, 12).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Bryant's petition be dismissed with prejudice.

Petitioner Bryant is a state prisoner who is presently incarcerated at the Washington Correctional Institute ("WCI"), Angie, Louisiana.  On June 13, 2002, Bryant was found guilty of simple burglary after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana.  On July 16,

2002, Bryant was sentenced to ten years at hard labor in the custody of the Louisiana Department of Corrections. The State then filed a bill of information accusing Bryant of being a multiple offender under LSA-R.S. 15:529.1. On February 11, 2003, Bryant pled guilty to the multiple offender bill of information, whereupon his original ten-year sentence was vacated and he was re-sentenced to a prison term of equal length under R.S. 15:529.1.

Bryant directly appealed his conviction and sentence to the Louisiana Fourth Circuit Court of Appeal which affirmed same in an unpublished opinion on January 28, 2004. State v. Bryant, 864 So.2d 910 (La. App. 4th Cir. 2004)(table). Pursuant to Louisiana Supreme Court Rule X, §5(a), Bryant had thirty days from the latter date, or until midnight on February 27, 2004, within which to timely seek writs from the Louisiana Supreme Court. See, e.g. Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000). Bryant, however, did not sign his writ application until some time on February 28, 2004 which was then processed in the WCI Mailroom on March 5, 2004 and was subsequently transmitted to the Louisiana Supreme Court where it was formally filed on March 26, 2004. (St. ct. rec., vol. 1 of 1). The effect of that untimely filing was that Bryant's conviction became final at the expiration of the thirty-day time period on February 27, 2004. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes

final when the time for seeking further review in the state court expires."). The fact that the Louisiana Supreme Court ultimately denied Bryant's untimely writ application on February 18, 2005, State v. Bryant, 896 So.2d 23 (La. 2005), is of no moment because his conviction had already become final. Bryant signed his federal habeas petition on November 10, 2005. (Rec. doc. 1, p. 11).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Bryant now have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted earlier, Bryant's conviction became final on February 27, 2004 when the thirty-day time period for him to timely seek writs from the Louisiana Supreme Court expired and no application therefor was made. At that point, the one-year limitation period set forth in §2244(d) began to run and had long since expired when Bryant signed his federal habeas petition on November 10, 2005. As no facts have been presented warranting the application of equitable tolling, Bryant's habeas petition should be dismissed as untimely under §2244(d). Although this result may appear somewhat

harsh given that Bryan's writ application was late by only one day, the Fifth Circuit has emphasized that application of the AEDPA filing deadlines fosters predictability and eliminates the potential for treating the similarly situated unequally. Lookingbill v. Cockrell, 293 F.3d 256, 264-65 n.16 (5th Cir. 2002), cert. denied, 537 U.S. 1116, 123 S.Ct. 878 (2003).

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Craig Bryant be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that Such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  6th  day of __December__, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

4