**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CRAIG BRYANT**                                                  **CIVIL ACTION**

**VERSUS**                                                        **NO. 06-0088**

**STATE OF LOUISIANA**                                   **SECTION: "K" (5)**

<u>**ORDER AND REASONS**</u>

Before the Court is the Section 2254 Habeas Corpus Petition (Rec. Doc. No.1) ("Petition") of Craig Bryant seeking relief from a sentence imposed by a Louisiana State Court in connection with his conviction for simple burglary in violation of La. Rev. Stat. Ann. § 14:62. After reviewing the pleadings, the state court record, the applicable law, the Report and Recommendation of the Magistrate Judge (Rec. Doc. No.15) ("Report"), and the Petitioner's Objections to the Magistrate's Report (Rec. Doc. No.16) ("Objection"), the Court hereby dismisses the Section 2254 Petition for the reasons assigned herein.

1

# I. BACKGROUND

## A.    FACTS

The Petitioner Craig Bryant ("Bryant") is incarcerated in the Washington Correctional Institute in Angie, Louisiana.[1] On June 13, 2002, Bryant was found guilty by a jury of simple burglary after a trial in the Criminal District Court in Orleans Parish, Louisiana.[2] He was soon after sentenced to ten years at hard labor in the custody of the Louisiana Department of Corrections. On February 11, 2003, Bryant pleaded guilty to a multiple offender bill of information and was re-sentenced to an equal term under R.S. 15:529.1.[3]

## B.    PROCEDURAL HISTORY

Bryant filed a timely direct appeal to the Louisiana Fourth Circuit of Appeal, which affirmed his conviction on January 28, 2004.[4] On that same day, notice of the denial was sent by the Clerk of Court to Bryant's counsel by certified mail.[5] Pursuant to La. Sup. Ct. Rule X §5, Bryant then had until February 27, 2004 (thirty days from the mailing of the denial), to file a timely writ application to the Louisiana Supreme Court. Bryant signed an application on February 28, 2004.[6]  His application was denied on February 18, 2005, for unspecified reasons (*State v. Bryant*, 896 So. 2d 23 (La. 2005)), and he sought no subsequent relief from the State's

---

[1] Petition, at 1.

[2] Report, at 1.

[3] *Id.* at 2.

[4] *Id.*

[5] St. Rec. Vol. 1 of 1, Certificate of Service by Court of Appeal, Fourth Circuit, 01/28/04.

[6] The date a prisoner signs his *pro se* application to Louisiana Supreme Court for review will be accepted by federal courts as the filing date for the purposes of calculating his limitations period under AEDPA. *See Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

courts.[7]

## C.    FEDERAL PETITION

On November 10, 2005, Bryant signed an application for federal habeas corpus relief under 28 U.S.C. § 2254.[8]  He claims that (1) his conviction was based, in part, on evidence obtained from an unlawful arrest, (2) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him, and (3) he was denied effective assistance of counsel.[9]  In response, the State of Louisiana claims that his application is time-barred under 28 U.S.C. § 2244, which provides for a one-year limitations period for § 2254 claims.

Pursuant to 28 U.S.C. § 636(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, this proceeding was referred to the Honorable Magistrate Judge Alma L. Chasez for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition. Magistrate Judge Chasez found that the disposition of this matter did not require a hearing and recommended dismissal of the Petition with prejudice because of its untimely filing.[10, 11]

In an objection to the Magistrate Judge's Report and Recommendation, Bryant now

---

[7]Report, at 3.

[8] Petition, at 7-8.

[9]Petition, at 8-9.

[10] Report, at 4.

[11]Specifically, her Report observes that noncompliance with La. Sup. Ct. Rule X § 5(a)'s thirty-day limitations period will result in federal courts' viewing the state writ application as untimely. *Williams v. Cain*, 217 F.3d 303, 308. The Report finds that, as a result, Bryant's conviction became "final" at the end of that thirty-day period (February 27, 2004), thus starting the one-year limitations period in which he could seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). Under the Magistrate Judge's calculation, the limitations period had well run by the time Bryant signed his federal petition on November 10, 2005, more than twenty months later.

claims that his situation warrants an equitable tolling of the limitations period that would render his federal Petition timely.[12] Alternatively, he argues that the Court should consider Louisiana Supreme Court Rule X §5(a)'s thirty-day period as beginning upon the actual receipt of notice of the lower court's decision, and not upon its mailing.[13]

## II. STANDARD OF REVIEW

Magistrate judges are empowered by statute to preside over certain pretrial matters upon appointment by a district judge. 28 U.S.C. § 636(b)(1)(A); *see also* Rules Governing § 2254 Cases, Rule 10. A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no specific objection is made, as long as those sections are not clearly erroneous. *See id*; FED. R. CIV. P. 72(b). However, where a party makes "specific, written objections" within ten days after being served with a copy of the magistrate's recommendation, the district court must undertake *de novo* review of those contested aspects of the report. 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b). The district judge may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions". FED. R. CIV. P. 72(b)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[14] applies to Bryant's Petition, which is deemed filed in this court on November 10, 2005, under the federal

---

[12] Objection, at 2.

[13] *Id.* at 5.

[14] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n. 11 (5th Cir. 1992).

"mailbox rule."[15]

The threshold questions in habeas review under the amended statute are (1) whether the petition is timely and (2) whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. §2254(b), (c)).

## III. ANALYSIS

Because Bryant objects to the Magistrate Judge's Report, this Court now reviews *de novo* the following issues in light of his objections, pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Whether Bryant's situation warrants equitable tolling of AEDPA's limitations period.

2.  Whether the Court can consider Louisiana Supreme Court Rule X §5(a)'s thirty-day period as beginning upon Bryant's actual receipt of the Louisiana Fourth Circuit's affirmation of his conviction.

## A.   EQUITABLE TOLLING

The AEDPA (28 U.S.C. § 2244), in Section (d)(1), requires that a petitioner bring his § 2254 claim within a one-year period, which begins on the date that his conviction becomes

---

[15]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Bryant's federal habeas Petition on January 19, 2006, when he paid the filing fee. Bryant dated his signature on the petition on November 10, 2005. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his *pro se* Petition. *See Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998))..

final.[16]  However, Section (d)(2) excepts from that one-year period "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending..."

Otherwise, the AEDPA's limitations provision, like any other statute of limitations, may be equitably tolled. *Cousin v. Lensing*, 310 F.3d 843, 846 (5th Cir. 2002) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The discretion to apply equitable tolling lies in the district courts, subject to appellate review only for abuse of discretion. *Cousin*, 310 F.3d at 846 (citing *Fiero v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002)). Equitable tolling requires (1) "rare and exceptional circumstances" (*Cousin*, 310 F.3d at 846 (citing *Davis*, 158 F.3d at 811)) and (2) a petitioner's diligent pursuit of federal habeas corpus relief (*Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)).

Firstly, equitable tolling should be granted only in "rare and exceptional circumstances," (*Cousin*, 310 F.3d at 846 (citing *Davis*, 158 F.3d at 811)) and is warranted "only in situations 'where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights'" (*Cousin*, 310 F.3d at 846 (citing *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999))). *Pro se* status of petitioner is not considered "rare and exceptional" because it is typical of those bringing claims under 28 U.S.C. § 2254. *Felder v. Johnson*, 204 F.3d 168, 171 (citing *U.S. v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) ("*pro se* status, illiteracy, deafness, lack of legal training are not external factors excusing abuse of the writ")). Prisoners' lack of notice of AEDPA's limitations period is not a rare and exceptional circumstance. *Felder*, 204 F.3d at 171. "To hold otherwise would characterize as 'rare and exceptional' circumstances that countless other prisoners could claim as their own." *Id.* at 173 (citing *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)). Other circuits have held that delays that arise from use of ordinary mail do not warrant tolling. *Sandik v. United States*, 177 F.3d 1269, 1272 (11th Cir.

---

[16] Though the AEDPA provides three other possible dates that can begin the limitations period, none of these is applicable to Bryant's petition.

1999).

However, a substantial delay in receiving notice of an appellate court's denial may warrant equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (delay in notice was four months). A failure by prison officials to notify prisoner of such a denial may also be grounds for equitable tolling. *Chavez v. Dretke*, 2003 WL22171704 (N.D. Tex. 2003), Report and Recommendation adopted 2004 WL1151859 (N.D. Tex. 2004) (prisoner learned of denial only after writing the Court to inquire of the status of his appeal).

Secondly, no equitable tolling shall be granted where the petitioner has failed to diligently pursue federal habeas relief.  *Alexander*, 294 F.3d at 629. A petitioner who closely misses the limitations period may be denied equitable tolling if he previously had ample time to pursue federal relief but failed to utilize it. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). In contrast, one who pursues federal relief "with diligence and alacrity"may qualify for equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (petitioner filed for an out-of-time appeal within three days of notice of the denial, then for federal relief within one month of that appeal).

Overall, the petitioner bears the burden of proof. *Id.* Courts must consider the individual facts of each case in determining the appropriateness of equitable tolling. *U.S. v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000). The courts' inquiries should focus "on the reasons for missing the deadline rather than on the magnitude of the tardiness." *Lookingbill v. Cockrell*, 293 F.3d 256, 262 (5th Cir. 2002) (citing *Ott*, 192 F.3d at 513 (refusing equitable tolling where petitioner missed deadline by only a "few days")).

Bryant claims that he lacked actual notice of the Louisiana Fourth Circuit Court of Appeal's decision until, at the earliest, seven days after the decision was mailed.[17] His

---

[17]Objection, at 2. Bryant's references to an eight-day period are based on an erroneous assertion that the Fourth Circuit Court 's denial was published and mailed on January 27, 2004. Both actually occurred on January 28, 2004.

estimation[18] of the earliest date he could have received notice (February 4, 2004) is puzzlingly based[19] on the date atop the letter sent by his counsel and notifying him of the Fourth Circuit's denial.[20] This letter was sent via the United States Postal Service to the correctional facility, where, upon its arrival, it entered and navigated a second mail-distribution system. Bryant suggests that this mail-distribution system delays prompt delivery of notice, and, as a result, generally presents an impediment to filing of timely writ applications by prisoners to the Louisiana Supreme Court. Hence, Bryant seeks equitable tolling for this seven-day period.

However, this requested tolling period, on its own, would have no bearing on the timeliness of his federal application for two reasons: (1) because the period in question (January 28 - February 4, 2004) occurred before the AEDPA's one-year limitations period began to run on February 27, 2004,[21] and, notwithstanding that, (2) because tolling for seven days would have no impact on a federal application already considered 256 days late.[22]

Therefore, the Court will view Bryant's objection constructively as requesting equitable tolling for the period between February 27, 2004, (when the one-year limitations period began to run) and February 18, 2005 (the date of the Louisiana Supreme Court's denial). The Court understands that, if not for the seven-day delay in notice, Bryant might have filed his state writ application on-time. In this hypothetical, direct review of his case would have been in continuance until the Louisiana Supreme Court's denial of his application, at which point the AEDPA's one-year limitations period would have begun.

---

[18]*Id.*

[19]Bryant claims rests on the assertion that the prison's internal mail delivery system is to blame for the delay. Yet he seeks tolling for delays occurring between January 28 and February 4, before the notice was even mailed to him by his lawyer.

[20]Objection, at 7.

[21]See n. 11.

[22] The Court arrives at the 256-day figure by calculating the time between February 27, 2005, (one year after the one-year limitations period began) and November 10, 2005 (the date Bryant signed his federal application).

8

A district court's granting of equitable tolling requires both "rare and exceptional circumstances" (*Cousin*, 310 F.3d at 846) and "diligent pursuit" of federal relief (*Alexander*, 294 F.3d at 629). The Court finds neither in this case.

Bryant argues that his delay in receiving notice was due to systemic deficiencies in the prison mail system. Thus, the alleged problem is likely to affect many prisoners serving time in the Washington Correctional Institution. Further, assuming that similar internal mail-distribution systems exist at other facilities, such delays may be widely encountered by prisoners across the country. Bryant explicitly asks the Court to adopt a more accommodating rule for *pro se* petitioner-prisoners awaiting notice of appellate decisions.[23] This sort of request, on its face, acknowledges that Bryant's circumstances are neither "rare nor exceptional," the standard in the Fifth Circuit. *Cousin*, 310 F.3d at 846. Additionally, *pro se* status is not considered a rare and exceptional circumstance because it is typical of those bringing § 2254 petitions. *Felder*, 204 F.3d at 171 (citing *Flores*, 981 F.2d at 236). The Court in *Flores* addressed a similar question and, in dicta, stated:

> "In the face of Congressional silence, we are reticent to create this type of tolling judicially. Although we would apply it here under the rubric of equitable tolling, the same concept would apply equally to many other prisoners and in different variations of delayed information, becoming a judicial tolling rule. Such broad decisions are for Congress, not equity."

*Flores*, 981 F.2d at 236.

It is further worth noting that, for the purposes of his appeal to the Louisiana Fourth Circuit, Bryant was not acting as a *pro se* petitioner, but rather was represented by the Louisiana Appellate Project.[24] This is relevant because, although Bryant attributes his delay in notice to the defendant State, the delay is due in large part to the inaction of his counsel, who failed to mail

---

[23]Objection, at 5.

[24]Objection, at 7.

Bryant any notice until a week after the denial[25]. Thus, Bryant was not misled by the State or otherwise "prevented in some extraordinary way from asserting his rights." In fact, the period for which he seeks tolling occurred before the denial ever reached the prison mail system. He therefore fails to pass the test articulated by the *Coleman* court. *Cousin*, 310 F.3d at 846 (citing *Coleman*, 184 F.3d at 403).

Notwithstanding this, any delay arising out of prison mail delivery still cannot be considered substantial enough to qualify as exceptional. Substantial delays generally outlast whatever limitations period is at issue, as seen in *Phillips* and *Chavez*. *Phillips*, 216 F.3d at 511 (delay in notice was four months); *Chavez*, 2003 WL22171704), Report and Recommendation adopted 2004 WL1151859 (prisoner learned of denial only after writing the court months later to inquire of status of his appeal).

Bryant has also failed to show due diligence in pursuit of habeas relief, both in state and federal court. Most telling is Bryant's lengthy wait before seeking federal habeas relief in this court. After his denial from the Louisiana Supreme Court on February 18, 2005, Bryant conceivably could have filed a timely federal petition any time within the following ten days (the time remaining under the federal limitations period).. Instead he filed his Petition ten months after this denial and twenty months after the year-long AEDPA period began.  Further, his tardiness by one day in his pursuit of state court relief speaks for itself– a diligent petitioner would not have been one day late – and Bryant fails to allege any specific circumstances that would have made a timely filing impracticable. If one counts from the earliest date Bryant claims he could have received notice (February 4, 2004), he still had over twenty days to complete and sign his Petition. Therefore Bryant failed to act with the kind of "diligence and alacrity" shown by the petitioners that have been eligible for equitable tolling. *See Phillips*, 216 F.3d at 511.

---

[25]Bryant alleges no ineffective counsel on this issue. His ineffective counsel claim stated in his petition refers to his trial court proceedings.

**B.      APPLICATION OF LA. SUP. CT. RULE X §5(a)**

Bryant suggests an alternative calculation of timeliness for the purposes of Louisiana Supreme Court Rule X §5(a)'s thirty-day limitation period as it applies to the AEDPA's one-year limitation period. He contends that the Court should consider this thirty-day period as commencing upon receipt of notice instead of upon mailing of notice[26].

Section (d)(1) of the AEDPA states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from...(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."[27] 28 U.S.C. §2244(d)(1). In the determination of this date, the "conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

The Fifth Circuit applies the language of La. Sup. Ct. Rule X §5(a) in calculations of timeliness in applicable cases subject to the AEDPA. *See Williams*, 217 F.3d at 308. La. Sup. Ct. Rule X §5(a) states: "An application seeking to review a judgment of the court of appeal either after an appeal to that court,... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.... No extension of time therefor will be granted."

La. Sup. Ct. Rule X §5(a)'s specification that the time period begins upon mailing (and not notice) is supported by case law in the Fifth Circuit, as stated in *Lookingbill*:

> Federal Courts interpret the federal time period as running from the event described rather than from receipt of notice. For example, in *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001), the court reversed a district court for tolling under AEDPA where the petitioner had only one day after the state's actual denial to file a

---

[26]Objection, at 5.

[27]*See* n. 16.

> federal petition, reasoning that AEDPA's one year period suffices,
> even considering the time it takes for notice to travel through the
> mails.

*Lookingbill*, 293 F.3d at 262.

In his request for equitable tolling, Bryant asks the Court to apply a different-from-usual interpretation of La. Sup. Ct. Rule X §5(a) in determining whether his federal petition is time-barred. Because this claim, in effect, seeks a later commencement date for his one-year AEDPA limitation period and raises a question of statutory interpretation, the Court shall consider it separately, despite his raising it in support of equitable tolling.

Bryant contends that "a pro se prisoner's time limitation interval for objecting to unfavorable rulings that are sent to him through the mail begins on the day the pro se prisoner actually receives the ruling." However, such a rule would be contrary to settled law in the Fifth Circuit.

The Court in *Williams* showed that timeliness under La. Sup. Ct. Rule X §5(a) is used in applicable AEDPA § 2244(d) calculations.[28] *Williams*, 217 F.3d at 308. The plain language of La. Sup. Ct. Rule X §5(a) says that the thirty-day period shall commence upon the mailing of the decision, and the Rule explicitly disallows extensions. A plain interpretation of the Rule's language is further supported by Fifth Circuit case law. *Lookingbill*, 293 F.3d at 262 (federal limitations periods run from the occurrence of the event described, not the receipt of notice). Therefore, the Court must decline to extend a more accommodating interpretation in Bryant's case.

As the Magistrate Judge observed, the result in this case may seem troubling when one considers that Bryant's inability to have his claim heard on its merits hinges on a single day. However, as the *Lookingbill* Court's opinion reminds us:

> At the margins, all statutes of limitations and filing deadlines appear
> arbitrary. AEDPA relies on precise filing deadlines to trigger specific

---

[28] This Court acknowledges that the *Williams* Court applied La. Sup. Ct. Rule X §5(a) to a §2244(d)(2) calculation. This point of distinction does not render the Rule inapplicable to §2244(d)(1) calculations.

accrual and tolling provisions. Adjusting the deadlines by just a few days in both state and federal courts would make navigating AEDPA's timeline impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

*Lookingbill*, 293 F.3d at 264-65.

Accordingly,

**IT IS ORDERED** that Petitioner's Petition brought under 28 U.S.C. § 2254 be

**DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this _9th_ day of August, 2007.


_____

**STANWOOD R. DUVAL**
**UNITED STATES DISTRICT COURT JUDGE**

13